UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jerry L. White**, # 200605142, | ) | **C/A No. 6:07-0429-HFF-WMC** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Anderson County Jail**; and **Anderson** | ) | |
| **County Detention Center Medical Unit**, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Anderson County Detention Center in Anderson, South Carolina. He has brought suit against the "Anderson County Jail" and the Anderson County Detention Center Medical Department. The above-captioned case is the first civil rights action filed by the plaintiff in the United States District Court for the District of South Carolina.

The plaintiff's answers on page 2 of the complaint indicate that this civil rights action concerns "Legal blindness (Due to neglect of medical attention)[.]" The plaintiff's answers on page 2 of the complaint also reveal

1

Dockets.Justia.com

that the plaintiff filed a grievance on December 26, 2006, but that the plaintiff has not received an answer on his grievance as of February 6, 2007.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint indicates that the plaintiff entered the Anderson County Detention Center in 2006 with a "medical problem with [his] eyes that needed medical Attention at that time of Emergency."  The plaintiff alleges that he apprised the doctor at the detention center of the "medical emergency" about his eye.  According to the plaintiff, the doctor told him (the plaintiff) that he (the doctor) would set up an appointment with an eye doctor as soon as possible.  The plaintiff states that, although he told the doctor that he needed certain eye-drops, a month passed before the eye-drops were received.

The plaintiff alleges that a nurse rescheduled his upcoming eye appointment — even though the plaintiff's eye was "getting worser and worser."  As of the date the complaint was prepared, the plaintiff has still not been seen by a doctor.  The plaintiff states that he has double vision and is now "legally blind."  In Part V of the complaint, the plaintiff writes: "I want to sue the County, for pain and suffering, due to neglect."

2

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.   The review[1] has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se*

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

In the complaint, the plaintiff, in part, alleges "neglect."  Negligence is not actionable under 42 U.S.C. § 1983.  *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794, 1987 U.S.App. LEXIS® 10684 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS®

8912 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 103 L.Ed.2d 249, 109 S.Ct. 998 1989 U.S. LEXIS® 1039 (1989)(Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

In addition to prohibiting punishments that involve the unnecessary and wanton infliction of pain, the Eighth Amendment imposes certain duties on prison officials, who "must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1977, 1994 U.S.LEXIS® 4274 (1994), which was a Bivens action.[3]  *See also* Helling v. McKinney, 509 U.S. 25, 125

---

[3]In Bivens, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® (continued...)

L.Ed.2d 22, 113 S.Ct. 2475, 2480, 1993 U.S. LEXIS® 4210 (1993), where the

Supreme Court held that exposure to environmental tobacco smoke may form

the basis of an Eighth Amendment violation:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . .  The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs − e.g., food, clothing, shelter, medical care, and reasonable safety − it transgresses the substantive limits on state action set by the Eighth Amendment[.]

Helling v. McKinney, supra, 509 U.S. at 32.

With respect to medical care, a prisoner in a § 1983 civil rights case

"must allege acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106

---

[3](...continued)
25129 (1st Cir. 1993), which cites, inter alia, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa.  Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994).

(1976). In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See* Brown v. Thompson, 868 F. Supp. 326, 1994 U.S.Dist. LEXIS® 16485 (S.D.Ga. 1994)(collecting cases).

Since the plaintiff is a pre-trial detainee, not a convicted prisoner, his claims are governed by the Fourteenth Amendment — although the standard for medical care is the same for both convicted prisoners and pre-trial detainees. *See* Belcher v. Oliver, 898 F.2d 32, 1990 U.S.App. LEXIS® 3559 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth

7

Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, supra, 898 F.2d at 34.

As a result, some of the plaintiff's claims can be construed as "deliberate indifference" claims under cases such as Farmer v. Brennan, supra, against medical personnel employed at the Anderson County Detention Center. The plaintiff, however, can bring a separate civil rights action against particular employees or officials of the Anderson County Detention Center who have been deliberately indifferent to his serious medical needs. If the plaintiff wishes to bring a civil rights action against such persons, he can obtain civil rights forms for doing so from the Office of the Clerk of Court. If the plaintiff later files such a case, that new case will be assigned its own separate civil action number.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra;

<u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.


February 16, 2007                    s/William M. Catoe
Greenville, South Carolina           United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).