

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JERRY L. WHITE,<br>　　　Plaintiff,<br><br>vs.<br><br>ANDERSON COUNTY JAIL and<br>ANDERSON COUNTY DETENTION<br>CENTER MEDICAL UNIT,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 6:07-429-HFF-WMC<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed, *without prejudice*, and without issuance and service of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 16, 2007.  Plaintiff failed to file any objections to the Report.  In the absence of objections, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

On February 26, 2007, Plaintiff filed a motion to appoint counsel.  The Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action.  28 U.S.C. § 1915(e)(1) (2006); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971).  However, the appointment "should be allowed only in exceptional cases."  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant."  *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  Accordingly, [i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  *Id.*

The Court concludes that there are no exceptional circumstances which justify the appointment of counsel in this case.  Plaintiff claims that he needs a lawyer to help him go over his paperwork because he is legally blind.  However, the Court recognizes that Plaintiff has been able to read and write everything he has filed thus far.  Moreover, as noted by the Magistrate Judge, Plaintiff has presented no colorable claim in this case.  Therefore, Petitioner's motion to appoint counsel will be denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of

this Court that this case be **DISMISSED**, *without prejudice*, and without issuance and service of process. Additionally, Plaintiff's motion to appoint counsel is **DENIED**.

    **IT IS SO ORDERED**.

Signed this 12th day of June, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.